**Elizabeth McNASBY, on behalf of herself and all others similarly situated**

v.

**CROWN, CORK & SEAL CO., INC., et al.**

Civ. A. No. 82–4258.

United States District Court, E.D. Pennsylvania.

Jan. 14, 1987.

Cohen, Shapiro, Polisher, Shiekman and Cohen, Alan M. Lernar, Jeffrey Ivan Pasek, Philadelphia, Pa., Paul J. Russoniello, for plaintiff.

Mark P. Muller, Philadelphia, Pa., for Sheet Metal Production Worker's Union Local 266.

Dechert Price & Rhoads, Jerome A. Hoffman, Lisa M. Scottoline, Stephen P. Gallagher, Stack & Gallagher, Philadelphia, Pa., for Crown Cork & Seal Co. Inc.

## MEMORANDUM AND ORDER

GILES, District Judge.

AND NOW, this 14th day of January, 1987, upon consideration of defendant Crown Cork and Seal Co., Inc.'s motion to dismiss, or alternatively, for summary judgment, and plaintiffs' response thereto, it is hereby ORDERED that defendants' motion is DENIED.

■ 1. The findings of fact on the merits by the Pennsylvania Human Relations Commission (PHRC), as to both the McNasby individual complaint and the PHRC's complaint, left undisturbed by subsequent state judicial review, are entitled to preclusive effect in this court under the principles of collateral estoppel. The PHRC resolved disputed issues of fact before it in which all parties to this lawsuit had an adequate opportunity to litigate. In so doing, it acted in a judicial capacity. "[I]t is sound policy to apply principles of some preclusion to the factfinding of administrative bodies acting in a judicial capacity." *University of Tennessee v. Elliott*, — U.S.

——, ——, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986.)[1]

■ 2. However, the PHRC remedy given to the victims of the discrimination is not entitled to *res judicata* effect. The PHRC acting within its authority,[2] provided chiefly an injunctive remedy to the aggrieved plaintiffs. The PHRC stated that its primary objective was to vindicate the public interest by enjoining the on-going illegal conduct. The remedy fashioned by the PHRC for McNasby and the other class members denied to them on their federal claims the make-whole remedy to which they were entitled under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq. Albermarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

3. Moreover, to deny McNasby and the other claimants remedial action under Title VII when the PHRC found that their sex discrimination claim was meritorious would be manifestly unfair. In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982), the Court held that in a Title VII case a federal court should give preclusive effect to a decision of a state court upholding a state administrative agency's rejection of an employment discrimination claim as meritless, but that "[R]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness or fairness of procedures followed in prior litigation," quoting *Montana v. United States*, 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 979 n. 11, 59 L.Ed.2d 210 (1979). While an injunctive remedy may alone satisfy the remedial requirements of state law, the Title VII claims cannot be extinguished under principles of *res judicata* in the absence of a "make-whole" remedy.

■ 4. The McNasby complaint was found by the PHRC to include a class action claim on behalf of all Crown Cork and Seal females who were prevented "from enjoying equal job opportunities" at the

---

1. In *University of Tennessee v. Elliott* the Court approved the applicability of 28 U.S.C. § 1738 to factfinding of state administrative agencies acting in a judicial capacity.

2. Pa.Stat.Ann. tit. 43, § 951, 959(g).

corporation's plant. (A–64–A–65). However, the class aspects of the complaint were stricken as void because they were not sufficiently particular to meet the pleading requirements of the PHRA. The particularity pleading requirement of the PHRA [3] was wholly derived from Pa. Code C.P. 1019 as distinguished from the notice pleading and filing requirements of Fed.R. Civ.P. 8 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) (1981). This particularity pleading requirement was used by the defendants to obtain a ruling that the class allegations were invalid and had no tolling effect on the applicable PHRA statute of limitations. The merits of the class claims in McNasby's complaint were never reached by the PHRC or the state courts. McNasby was deprived of the opportunity to litigate the merits of the class claim for females covered by her complaint solely because of a state law pleading requirement.

5. The particularity pleadings requirement of the PHRA cannot preclude a substantive remedy on the merits of the plaintiff's Title VII claim. Despite the fact that the discrimination complained of by both McNasby and the class of claimants was found to require injunctive relief as of May 10, 1982, PHRC's counsel failed to present sufficient evidence on their behalf from which the PHRC could make reliable backpay calculations for each individual beyond December 31, 1975. The injunctive relief did not make McNasby or the class of claimants whole. Therefore, the PHRC did not provide complete relief to McNasby or the class of claimants. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 65, 100 S.Ct. 2024, 2031, 64 L.Ed.2d 723. · Since full backpay relief was not granted in the state forum for McNasby, or the class of claimants, the plaintiffs can exercise their supplemental right to sue in federal court. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1).

■ 6. Further, although it had authority to award back pay for a period pre-dating the filing of the complaint by more than 90 days, the PHRC exercised its discretion to circumscribe the backpay award to the members of the class in the Commissioner's complaint, excluding McNasby, to a period 90 days prior to the filing of the Commissioner's complaint. 43 Pa.Stat. Ann. tit. 43 § 959(f) (Supp.1986). The cited reason for this exercise of discretion was that the primary objective of the PHRC was not to redress completely the individual complaints but to vindicate the public interest through injunctive relief. Where the state forum's remedy objectives are inconsistent with that available to the individual under Title VII, the complainant may look to the federal court to design a remedy to satisfy the federal statute's purposes.

7. It cannot be fairly said that the individual interests of McNasby, or of the other class complainants, were sought to be protected or vindicated fully within the context of the PHRC's complaint or the Commission counsel's representation. The PHRC's factfinding of continuing discrimination entitled McNasby or other class claimants to make-whole relief. Further, McNasby was denied the right to represent herself or to have counsel represent her individual interests in formulating a "make-whole" remedy. *See* 45 Pa.Stat. § 9.

8. The issues presented in this case are subject to redetermination in the federal court because of the fairness of the procedure followed by the PHRC. McNasby is entitled to a redetermination of her own entitlement to monetary relief for a period of two years prior to the filing of her EEOC charge and for the period after December 31, 1975 because the PHRC circumscribed her relief to accomplish something other than "make-whole" relief to which she was entitled, and the PHRC attorneys failed to demonstrate on her behalf to the PHRC a means for calculation of her backpay entitlement. She is entitled to pursue the class aspects of her Title VII charge because the PHRC precluded the class aspect of her complaint due to a pleading requirement peculiar to the PHRA and at

---

**3.** 43 Pa.Stat.Ann. § 959 (Supp.1986).

odds with the fair notice provisions of the Federal Rules of Civil Procedure and Title VII. There were discriminatory practices proven to the satisfaction of the PHRC, yet for reasons unrelated to the merits or the conduct of the complainants, they were deprived of a remedy fairly comparable to that required to be given under federal law.

9. McNasby's Title VII action is not barred by principles of *res judicata* and she is, therefore, a competent class representative in this federal action.

10. The contention of Crown Cork & Seal that McNasby waived her Title VII claim by executing a waiver form is without merit. Waiver of an employee's federally created employment rights is not to be lightly inferred. *Equal Employment Opportunity Commission v. U.S. Steel Corp.*, 583 F.Supp. 1357 (1984). There was no consideration given by the defendant for the release of important federal claims. She was entitled to the sums paid by the defendant as a result of the state court judgment in her favor. Nothing was paid to McNasby that she should not have been paid anyway. Moreover, the release purported to cover only allegations set forth in the PHRC cases. No reference in the waiver was made to the Title VII charge or federal court complaint.