832 F.2d 47
 45 Fair Empl.Prac.Cas. 156,
45 Empl. Prac. Dec. P 37,645
Elizabeth McNASBY, Catherine Beres, Henrietta Elliott,
Margaret Felmey, Ann Jacyszyn, Virginia Knowles, Lorraine
Mason, Edith McGrody, Betty (Ponath) Moyer, Joan Murphy,
Eleanor Neyer, Marie Pekala, and Doris Yocum, on behalf of
themselves and all others similarly situated
v.
CROWN CORK AND SEAL CO., INC., and Sheet Metal Workers'
International Association, AFL-CIO, a/k/a Sheet
Metal Production Workers' Union, Local 266.
Appeal of CROWN CORK AND SEAL, CO., INC.
 No. 87-1085.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Sept. 8, 1987.
Decided Oct. 30, 1987.
 
 Alan M. Lerner, Jeffrey Ivan Pasek, Paul J. Russoniello, Vernon R. Byrd, Jr., Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, Pa., for appellees.
 Aaron C.F. Finkbiner, III, Matthew J. Broderick, Jerome A. Hoffman, Arthur S. Gabinet, Dechert Price & Rhoads, Philadelphia, Pa., for appellant.
 Before SLOVITER and STAPLETON, Circuit Judges, and FISHER, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 Crown Cork and Seal Co. (Crown Cork), a defendant in a Title VII action pending in the district court, appeals from the court's orders denying its motion to dismiss or for summary judgment and granting partial summary judgment for plaintiffs. 656 F.Supp. 206. Crown Cork had sought the dismissal on the ground that the Title VII suit seeking make-whole relief was barred by an earlier decision of the Pennsylvania Human Relations Commission (PHRC or the Commission) that found Crown Cork had engaged in wide-spread sex discrimination but that awarded primarily injunctive relief only. The parties' briefs were directed to the preclusion issue. Because we conclude that this court lacks jurisdiction over this appeal, we will dismiss without considering the merits.
 
 I.
 Facts
 
 2
 The procedural history of this case is complex and we discuss briefly only those facts relevant to our current disposition of the appeal. In February 1970, several female employees of Crown Cork complained to the PHRC about discrimination against them and other female employees. After investigating the allegations, the PHRC filed a Commissioner's complaint in December 1970 against Crown Cork and the Sheet Metal Workers' International Association, Local 266 (the Union), the employees' union representative. Thereafter, in May 1971, McNasby filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and in June 1971, she filed a formal complaint with the PHRC asserting that Crown Cork and the Union were discriminating against all female employees. In October 1975, the PHRC filed an amended complaint because it had determined that its original complaint was defective in light of the decision of the Pennsylvania Supreme Court in Pennsylvania Human Relations Comm'n v. United States Steel Corp., 458 Pa. 559, 325 A.2d 910 (1974).
 
 
 3
 The Commission conducted thirty-seven days of hearings between October 1978 and June 1980. It made 132 Findings of Fact and 39 Conclusions of Law in August 1981 and issued a Supplemental Opinion and Order in May 1982. The Commission characterized the evidence as presenting "one of the most blatant patterns of sex discriminatory employment practices" that had ever been brought to its attention. App. at 138. It determined, inter alia, that Crown Cork "engaged in a pattern and practice of discrimination based upon the sex, female, of applicants and employees in hiring, job assignment, job transfer, compensation, layoff, and recall from layoff, on a continuing basis." App. at 129. The Commission found Crown Cork's system of sex-segregated job classification and plant seniority "unlawful per se " and concluded that the system "must be integrated for all purposes." App. at 132. The Commission also found that Crown Cork's system of department and shift seniority is "unlawful in its effects and may not be used as a basis for job advancement, layoffs, or recall." App. at 132.
 
 
 4
 The Commission awarded McNasby back pay for the period from the date she filed her complaint in June 1971 to December 31, 1975, but limited back pay for other eligible female employees to the five month period from July 30, 1975 to December 31, 1975.[1] The plaintiffs appealed the limited award and the Commission's decision was affirmed by the Pennsylvania courts. Murphy v. Commonwealth of Pennsylvania Human Relations Comm'n, 77 Pa.Commw. 291, 465 A.2d 740 (1983), aff'd, 506 Pa. 549, 486 A.2d 388 (1985), appeal dismissed, 471 U.S. 1132, 105 S.Ct. 2669, 86 L.Ed.2d 689 (1985).
 
 
 5
 On September 29, 1982, while the state court appeals were pending, McNasby and twelve other members of an asserted class of female employees of Crown Cork filed this action in federal court against Crown Cork and the Union seeking class-wide relief for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq., breach of the collective bargaining agreement, and breach of the duty of fair representation by the Union. By order entered December 20, 1982, all proceedings in the federal action were stayed pending the outcome of the state court proceedings. After the case was returned to active status, Crown Cork filed its motion to dismiss the action or for summary judgment on the ground that plaintiffs' state court action barred a subsequent federal court action. Plaintiffs filed a cross-motion for partial summary judgment.
 
 
 6
 The district court granted plaintiffs' motion for partial summary judgment, holding that the PHRC's findings of facts on the merits as to both the McNasby individual complaint and the PHRC complaint are entitled to preclusive effect. In a separate order entered the same day, the court denied defendants' motion to dismiss or for summary judgment, holding that "[t]he remedy fashioned by the PHRC for McNasby and the other class members denied to them on their federal claims the make-whole remedy to which they were entitled under Title VII." App. at 616. Crown Cork appeals from those orders.
 
 II.
 Appealability
 
 7
 In response to this court's request that the parties address our jurisdiction over this appeal, Crown Cork, acknowledging that the district court denied its motion for certification pursuant to 28 U.S.C. Sec. 1292(b), asserts that the orders are appealable under 28 U.S.C. Sec. 1292(a)(1). That section provides:
 
 
 8
 [T]he courts of appeals shall have jurisdiction of appeals from:
 
 
 9
 Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 10
 Crown Cork contends that the district court granted injunctive relief within the meaning of this section.
 
 
 11
 Patently, the district court's order denying Crown Cork's motion to dismiss or in the alternative for summary judgment is not appealable under 28 U.S.C. Sec. 1292(a)(1). Review of such orders must await the conclusion of the case in the district court. See, e.g., Switzerland Cheese Ass'n, Inc. v. E. Hornes Market, Inc., 385 U.S. 23, 24, 87 S.Ct. 193, 194, 17 L.Ed.2d 23 (1966); Boeing Co. v. International Union, 370 F.2d 969, 970 (3d Cir.1967); see also Metex Corp. v. ACS Industries, Inc., 748 F.2d 150, 154 (3d Cir.1984).
 
 
 12
 Thus, the district court's order granting partial summary judgment in favor of the plaintiffs is the only possible remaining basis for our jurisdiction. That order provides that "this court hereby finds that defendants [Crown Cork and the Union] are bound by the Findings of Fact and Conclusions of Law, established in the final decision of the Pennsylvania Human Relations Commission on May 10, 1982 (PHRC Docket Nos. E-4027 and E-4029), and set out in full below, and judgment is hereby entered as follows." App. at 594. The order then sets out verbatim the 132 Findings of Fact and 39 Conclusions of Law entered by the PHRC.
 
 
 13
 The specific Conclusions of Law to which Crown Cork points as embodying injunctive relief are:
 
 
 14
 27. Respondent Crown's current system of sex-segregated job classification and plant seniority is unlawful per se and must be integrated for all purposes.
 
 
 15
 28. Respondent Crown's current system of department and shift seniority is unlawful in its effects and may not be used as a basis for job advancement, layoffs, or recall to employment unless plant seniority among competing employees is equal.
 
 
 16
 App. at 611.
 
 
 17
 Crown Cork notes that the district court, in denying Crown Cork's request for certification pursuant to 28 U.S.C. Sec. 1292(b), agreed with Crown Cork's assertion that its adoption of the PHRC's conclusions of law constitutes injunctive relief, see Transcript of Summary Judgment Motion Hearing, Feb. 27, 1987, at 17-20. However, we must independently determine our jurisdiction and are not bound by the district court's characterization of its own order. The Supreme Court has made clear that this court has a "special obligation" to satisfy itself of its own jurisdiction in every appeal presented to it. See Bender v. Williamsport Area School District, 475 U.S. 534, 106 S.Ct. 1326, 1331, 30 L.Ed.2d 501 (1986).
 
 
 18
 In establishing the jurisdiction of the courts of appeals, Congress adopted " 'the final judgment rule [as] the dominant rule in federal appellate practice.' " Flanagan v. United States, 465 U.S. 259, 270, 104 S.Ct. 1051, 1057, 79 L.Ed.2d 288 (1984) (quoting 6 Moore, Federal Practice 113 (2d ed. 1953)). Strong policy reasons, including that of "promoting efficient judicial administration" undergird that rule. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). The Supreme Court has cautioned that section 1292(a)(1), as an exception to the final judgment rule, must be construed narrowly to conform to the congressional policy against piecemeal appeals. See Carson v. American Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981); Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978); Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. at 24, 87 S.Ct. at 194.
 
 
 19
 It is necessary, but not sufficient, for appealability under section 1292(a)(1) that the order be one that has the effect of either "granting, continuing, modifying, refusing or dissolving" an injunction. In addition, the appeal must "further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.' " Carson v. American Brands, Inc., 450 U.S. at 84, 101 S.Ct. at 996 (quoting Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)). The district court's order in this case fails to meet this requirement.[2]
 
 
 20
 The district court's order merely adopted the findings and conclusions previously entered by the PHRC. As the Supreme Court of Pennsylvania stated, "[t]he Commission also directed [Crown Cork] to implement an affirmative action program; to make good faith offers of reinstatement to each female employee who was laid off while a male of lesser seniority was retained; and to integrate their shift, department, and plant seniority systems." Murphy v. Commonwealth of Pennsylvania Human Relations Comm'n, 506 Pa. at 555, 486 A.2d at 391. Thus, Crown Cork was already legally bound by the Pennsylvania proceedings to implement the relief provided for in the conclusions of law adopted by the district court.
 
 
 21
 We need not decide whether, under these circumstances, the district court's order can properly be characterized as an order which "has the practical effect" of granting an injunction,[3] because it is evident that the order does not meet the requirement that it have "serious, perhaps irreparable, consequence[s]." Carson v. American Brands, Inc., 450 U.S. at 84, 101 S.Ct. at 996. A duplicative injunction by the federal courts cannot in any way affect Crown Cork's obligation to adhere to the injunctive relief already directed in the state proceedings.
 
 
 22
 This case is the converse of that presented in Carson v. American Brands, Inc. In Carson, the Supreme Court held that the district court's interlocutory order refusing to enter a consent decree negotiated between an employer and its employees who had brought an employment discrimination action was appealable under 28 U.S.C. Sec. 1292(a)(1). The Supreme Court treated the district court's order as an appealable interlocutory injunction because the employees were being denied an immediate restructuring of the employer's transfer and promotional policies which the consent decree would have effected. It explained that the "serious, perhaps irreparable, consequences" which the district court's order effected could therefore be " 'effectually challenge[d]' only by an immediate appeal." 450 U.S. at 90, 101 S.Ct. at 999. In contrast, Crown Cork is already bound by the Pennsylvania decisions to implement the relief provided for in the conclusions of law. It can, therefore, hardly be said that "serious" or "irreparable" consequences would flow from the district court's order.
 
 III.
 Conclusion
 
 23
 For the foregoing reasons, we will dismiss this appeal.
 
 
 
 *
 Hon. Clarkson S. Fisher, United States District Court for the District of New Jersey, sitting by designation
 
 
 [1]
 In making its back pay award the Commission determined that the amended complaint did not relate back to the original 1970 complaint and thus, in applying the relevant 90-day statute of limitations, limited back pay for female employees other than McNasby, who had filed her own complaint, to the period from the tolling of the statute of limitations. See App. at 139-40
 
 
 [2]
 We need not decide in this case whether the possibility of a contempt citation which may follow the grant, but not the denial, of a preliminary injunction is a factor to be considered in finding serious or irreparable consequences. Even if the district court's order adopting the Commission's findings is viewed as the grant of an injunction, which we have assumed arguendo in the text, defendants were already at risk if they disobeyed the state agency's order. Our opinion in Tokarcik v. Forest Hills School District, 665 F.2d 443, 446-47 (3d Cir.1981), cert. denied, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982), did not assume that the grant of an injunction would per se have "serious, perhaps irreparable, consequences" but instead discussed the particular consequences that warranted immediate appeal
 
 
 [3]
 Although Crown Cork asserts that "the injunctive relief Ordered by the District Court has effects going beyond the PHRC's decision," Memorandum of Defendant-Appellant Crown Cork & Seal Regarding Appealability of the District Court's Orders of January 15, 1987 at 7 n. 3, it offers no support for that proposition, and we have not found any