

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2004

# Revelle v. Trigg

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3991

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Revelle v. Trigg" (2004). *2004 Decisions.* Paper 329.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/329

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3991

SHELTON REVELLE

v.

TRIGG, Darby Boro Police Dept.; GIBNEY; REGAN;
GALLI; SILBERSTEIN; DARBY BOROUGH COUNCIL;
BOROUGH OF DARBY

Richard Galli,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 95-05885)
Honorable Louis H. Pollak, District Judge

Submitted under Third Circuit LAR 34.1(a)
September 24, 2004

BEFORE: MCKEE, ALDISERT and GREENBERG, Circuit Judges

(Filed: September 24, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from an order entered in the

district court on August 29, 2003, granting the plaintiff-appellee Shelton Revelle a new trial in this excessive force arrest case under 42 U.S.C. § 1983 against the defendant-appellant Richard Galli, a Darby Borough police officer; individual defendants Joseph Trigg, Richard Gibney, Jonathan Regan, and Edward Silberstein, also Darby Borough police officers; and Darby Borough itself. To date there have been two trials in this case. At the first trial the claims against Gibney were dismissed but there was a mistrial declared with respect to the other defendants when the jury could not reach a verdict as to them. Prior to the second trial the court bifurcated the case but only for purposes of trial so that the second trial went forward against the remaining four individual defendants, the court contemplating that, if necessary, there would be a third trial against Darby Borough before the same jury that sat in the second trial. At the second trial the jury returned a verdict in favor of the four individual defendants on August 21, 2003, and on August 22, 2003, the court entered a judgment in their favor.

The case next took an unusual turn as the district court on August 29, 2003, pursuant to Federal Rule of Civil Procedure 59(d), on its own motion granted Revelle a new trial against Galli and thus vacated the judgment in his favor. The court filed a memorandum opinion explaining why it took this action which, in view of our disposition of this appeal, we need not explain beyond indicating that the court believed that by failing to appear at the trial in response to its order Galli had prejudiced Revelle who had intended to call him as a witness. Thus, the court believed that the integrity of the verdict

2

in Galli's favor was in doubt. The court, however, did not disturb the verdict and judgment in favor of the other individual defendants. On September 29, 2003, Galli appealed from the order of August 29, 2003, even though the case against him had not been retried and the case also remained pending against Darby Borough.

Revelle has not moved to dismiss the appeal for want of jurisdiction. Nevertheless in his brief Galli recognized that there is a serious jurisdictional question as his initial point is that "[t]he district court's order for a new trial is reviewable as a final judgment because the district court usurped its power to order a new trial." Appellant's br. at 19. Not surprisingly in his answering brief Revelle contends that "[t]he August 29, 2003 Order is not a final order as defined by 28 U.S.C. § 1291, [and] therefore this Court does not have jurisdiction." Appellee's br. at 11. Of course, if we do not have jurisdiction, with or without a motion to dismiss, we must dismiss this appeal. See McNasby v. Crown Cork & Seal Co., 832 F.2d 47, 49 (3d Cir. 1987).

When we reviewed the matter we noted that regardless of whether the August 29, 2003 order otherwise might be appealable at this time, the presence in the case of Darby Borough as a defendant raised a second jurisdictional issue as the case was not final as to all parties. Thus, we asked the parties to this appeal to comment on this point and they have done so. In this regard Galli acknowledges in his letter to the court dated August 11, 2004, that the case against Darby Borough has not been severed. He nevertheless contends that on the basis of the facts and the law Darby Borough cannot be liable

3

because "absent a finding of liability against the individual Defendant police officers there is no independent claim against the Borough of Darby." Letter of Aug. 11, 2004, from attorneys for Galli to Clerk of this court. Accordingly, in Galli's view, inasmuch as the jury found in favor of the officers, "the claim against the Borough of Darby has effectively been extinguished. Thus there is no outstanding claim against the Borough of Darby, which Plaintiff may pursue absent a finding against one of the individual police officer Defendants." Id. He contends that we therefore have jurisdiction.

We will dismiss this appeal. As Galli sets forth in his brief: "The general rule regarding the district court's granting of a new trial is that it is interlocutory, and thus, nonappealable as a final judgment." Appellant's br. at 19. See Allied Chem. Corp. v. Daiflon, 449 U.S. 33, 34, 101 S.Ct. 188, 190 (1980); Blancha v. Raymark Indus., 972 F.2d 507, 511-12 (3d Cir. 1992). While it is true that in Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901 (1886), the court did allow an immediate appeal from an order granting a new trial, as we explained in Stradley v. Cortez, 518 F.2d 488, 491 (3d Cir. 1975), Phillips, reached that conclusion because the challenge went "to the judicial power of the court to take that action." While we cannot comment on whether we believe that the district court was correct in granting a new trial on its own motion, there is no doubt but that Rule 59(d) provides that a district court may take such action and there also is no doubt but that the order for the new trial entered eight days after the verdict was timely. Accordingly, Galli's appeal does not come within the Phillips exception and it must be dismissed.

4

The presence of the case against Darby Borough also requires us to dismiss the appeal. In general there can be no doubt but that when a case remains pending against a defendant an appealable order has not been entered. See Jackson v. Hart, 435 F.2d 1203 (3d Cir. 1970). Galli seeks to avoid this rule by contending that the verdict for the individual defendants effectively extinguished the claim against Darby Borough. There are two problems with this argument. First, the verdict in his favor has been set aside so that the case is pending against an individual defendant. Second, even if somehow Revelle's claim against Darby Borough no longer is viable, it will remain a party until the case against it is dismissed.

For the foregoing reasons the appeal will be dismissed.