

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2009

# Mindy Zied-Campbell v. Estelle Richman, et

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2254

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mindy Zied-Campbell v. Estelle Richman, et" (2009). *2009 Decisions.* Paper 1694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2254
_____

MINDY JAYE ZIED-CAMPBELL,

Appellant

v.

ESTELLE RICHMAN, Secretary, Pennsylvania Department of Public Welfare;
FREDERICK LANDAU, Director, The York County Assistance Office; DOES 1-25;
STEPHANIE LUDWIG, Supervisor, York County Assistance Office

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-00026)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2009
Before: SLOVITER, AMBRO and STAPLETON, Circuit Judges

(Opinion filed: March 25, 2009)

_____

OPINION
_____

PER CURIAM

Mindy Jaye Zied-Campbell, proceeding in forma pauperis, filed a lawsuit to

protest how she was treated when she tried to secure welfare benefits.  The named

defendants filed a motion for judgment on the pleadings, which the District Court granted in part and denied in part on March 30, 2007.[1] They subsequently filed a motion for summary judgment, which remains pending. On Zied-Campbell's motion, the District Court case is stayed pending this appeal.

In the District Court, Zied-Campbell filed a motion to waive PACER fees "due to indigency [sic]."[2] She claimed that she needed access to the documents in her case on the docket because she was no longer represented by appointed counsel. The District Court denied her motion without prejudice to a renewed motion in which she showed good cause for the waiver of fees. The District Court noted that Zied-Campbell should have received copies of the relevant documents in her case, and that she had not identified which documents she lacked or stated whether she had requested her case file from her attorney. The District Court also stated that it could not evaluate from Zied-Campbell's short motion whether there were alternative means of providing Zied-Campbell with the documents she wanted. The District Court explained that Zied-Campbell could refile her motion with a brief and proper evidentiary support.

---

[1]Zied-Campbell filed a motion for reconsideration, which the District Court denied on February 26, 2008. Zied-Campbell then filed a motion for reconsideration of the Februrary 26, 2008 order/a second motion for reconsideration of the March 30, 2007 order. When the defendants opposed the motion/second motion, Zied-Campbell moved to strike their brief. On April 23, 2008, the District Court denied the motion/second motion and the motion to strike.

[2]PACER, an acronym for Public Access to Electronic Records, is the service that provides electronic access via the Internet to case and docket information from the federal courts.

Shortly thereafter, Zied-Campbell filed a renewed motion for the waiver of PACER fees, expanding her request to include free access to the documents in her case as well as any other cases that are relevant to her case. She listed the information that entitled her to in forma pauperis status. She explained that she moved from Harrisburg so she could no longer go to the Harrisburg library that has Westlaw access and she cannot afford gas for the 20 to 30 mile trip to libraries in Philadelphia or the (unspecified) fees at those libraries. Zied-Campbell also noted her confusion while doing research at the Harrisburg library and her belief that she could best do research at home between the hours of midnight and four in the morning. She stated that she would like to see cases accessible on PACER that might help her succeed in her case.

On April 23, 2008, the District Court denied Zied-Campbell's renewed motion. The District Court noted again that she had not identified which documents (if any) from her case she did not have or whether she had requested her case file from her attorney. The District Court rejected Zied-Campbell's desire to have a more convenient and effective way to conduct legal research as good cause for a waiver of PACER fees. The District Court acknowledged that Zied-Campbell may face difficulties in pursuing her case pro se, but concluded (citing the Electronic Fee Access Schedule) that she had not shown that a fee waiver was "necessary to avoid unreasonable burdens and to promote public access to information."

Zied-Campbell filed a notice of appeal. She specified the April 23, 2008 order and

3

stated that she was appealing from the denial of her motion to waive PACER fees. She attached the order, her motion, her earlier motion to waive PACER fees, and a letter requesting a waiver of the fees. She subsequently filed an amended notice of appeal to attach a copy of a motion for reconsideration she had filed previously (apparently to show "initial IFP status denied even though food stamp document had been attached originally as proof of indigence," Amended Notice of Appeal 1.)

Our first question, one which we asked the parties to address in their briefs, is whether we have jurisdiction over this appeal. Zied-Campbell contends that we have jurisdiction over her appeal, which she describes as encompassing challenges to more orders than she designated in her notice of appeal. Specifically, she cites the District Court's orders of March 30, 2007, February 26, 2008 (the one noted above and others), and April 23, 2008. Appellees argue that we have jurisdiction only to review the District Court's decision to deny the waiver of PACER fees, and request that we dismiss the rest of Zied-Campbell's appeal for lack of jurisdiction.

Despite Zied-Campbell's discussion of many orders in her brief, our focus remains on the denial of her request for a waiver of the PACER fees. She did not list the other orders from which she now seeks to appeal in her notice of appeal in compliance with Rule 3 of the Federal Rules of Appellate Procedure. See Fed. R. App. P. 3(c)(1)(B). She specified one order by referring to it by date, docket number, the motion she had filed, and related documentation she had submitted to the District Court. Although the Court

4

liberally construes the requirements of Rule 3, see Pacitti v. Macy's, 193 F.3d 766, 776 (3d Cir. 1999), Zied-Campell only designated the order of April 23, 2008, a non-final order, in her notice of appeal and her amended notice of appeal. Accordingly, this is not the case in which an appeal from a final judgment puts in question earlier non-final orders.[3] See Pacitti, 193 F.3d at 776-77.

We conclude that we have jurisdiction over the April 23, 2008 order denying the waiver of PACER fees. Ordinarily, for jurisdiction to attach under 28 U.S.C. § 1291, there must be a District Court decision that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 299, 233

---

[3]Furthermore, even if Zied-Campbell's notice of appeal were sufficient to bring up the unspecified orders, we would still lack jurisdiction over them. The other orders that Zied-Campbell discussed in her brief are not appealable until the District Court enters a final judgment in her case. See In re Kelly, 876 F.2d 14, 15 (3d Cir. 1989) (holding that an order denying leave to amend a complaint is not a final and immediately appealable order); McNasby v. Crown, Cork & Seal Co., 832 F.2d 47, 49 (3d Cir. 1987) (holding that an order denying a motion for summary judgment is not an immediately appealable order); In re Glenn W. Turner Enterprises Litig., 521 F.2d 775, 781 (3d Cir. 1975) (holding that pre-trial orders are interlocutory and not immediately appealable); see also Bell Atlantic-Pennsylvania, Inc. v. Pa. Pub. Util. Comm'n, 273 F.3d 337, 345 (3d Cir. Pa. 2001) (noting that the fact that a defense warrants pre-trial dismissal does not control whether the issue is immediately appealable). Zied-Campbell seeks to characterize one of the District Court's orders of February 26, 2008, as an order denying an injunction. However, even assuming the order can be characterized as one denying injunctive relief, our jurisdiction would not attach because the injunctive relief was unrelated to the relief sought by Zied-Campbell in her case, as the District Court stated. See Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277 (3d Cir. 1991) (describing the requirement that an interlocutory order denying an injunction must relate to the relief ultimately sought in order to be appealable under 28 U.S.C. § 1292).

5

(1945)). A judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrew v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991). The District Court has not finally adjudicated Zied-Campbell's claims. The defendants' motion for summary judgment remains pending.

However, the District Court's order fits within the judicially crafted exception to the usual final judgment rule. "To come within the 'small class' of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand, 437 U.S. at 468. Among the decisions held appealable under Cohen are orders denying in forma pauperis status. See Roberts v. U.S. Dist. Court, 339 U.S. 844, 845 (1950) (per curiam); Sinwell v. Shapp, 536 F.2d 15, 16 (3d Cir. 1976). The District Court's order is like an order denying in forma pauperis status because it relates to a litigant's ability to pay case-related fees and proceed before a court. For the same reasons we have held orders denying in forma pauperis motions to be immediately appealable under the collateral order doctrine, we conclude that the April 23, 2008 order is immediately appealable in this case. Cf. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. Pa. 1995).

6

Upon consideration of the April 23, 2008 order, we will affirm it.[4] Although courts may allow indigent litigants to access PACER without charge for cause shown, see Electronic Public Access Fee Schedule (reprinted with 28 U.S.C. § 1914), the District Court did not abuse its discretion, cf. Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985) (stating the standard of review for orders denying in forma pauperis motions), in rejecting Zied-Campbell's broad request for access to PACER so that she could see the documents filed in her case as well as conduct legal research from home in the middle of the night. As the District Court noted, it was not clear what documents from her case she did not have (the District Court having previously provided copies of orders and opinions to the parties as well as having sent Zied-Campbell an extra copy of the docket sheet so that she could identify any missing documents) or why she could not get copies of documents in her case from her former counsel. Also, Zied-Campbell seemingly did not show that free legal research on PACER was "necessary to avoid unreasonable burdens," see Electronic Public Access Fee Schedule, although she did show that free access to PACER would be highly convenient for her. In short, for the reasons given by the District Court, the District Court did not abuse its discretion in denying Zied-Campbell's renewed request for a waiver of PACER fees.

---

[4]To aid our consideration of this appeal, each side has moved to file a supplemental appendix (Zied-Campbell also has moved to strike Appellees' proposed supplemental appendix). We grant Appellees' motion to provide us with a short supplemental appendix that includes District Court orders that may have been overlooked by Zied-Campbell in assembling her lengthy appendix. We deny Zied-Campbell's motion to strike. We also deny as unnecessary her request to file a supplemental appendix.