916 F.2d 898
 Eunice L. ROSS, Appellant,
v.
Paul ZAVARELLA, individually and in his official capacity;
The Supreme Court of the Commonwealth of Pennsylvania;
Robert N.C. Nix; John P. Flaherty, individually and in his
official capacity; Nicholas P. Papadakos, individually and
in his official capacity, Stephen A. Zappala, individually
and in his official capacity; James T. McDermott,
individually and in his official capacity.
 No. 90-5270.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 26, 1990.
Decided Oct. 22, 1990.
 
 Timothy G. Hagan (argued), Beth M. Rivers, Donnelly, Huizenga, Wahl, Hagan & Hergt, Detroit, Mich., Peter M. Suwak, Washington, Pa., for appellant.
 Arlin M. Adams (argued), Elizabeth F. Warner, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellees.
 Before SLOVITER, BECKER, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ROSENN, Circuit Judge.
 
 
 1
 This proceeding has its genesis in a decision by President Judge Paul Zavarella of the Court of Common Pleas of Allegheny County, Pennsylvania, to transfer Judge Eunice Ross from the Orphans' Court Division to the Civil Division of the Common Pleas Court. Subsequent to the Pennsylvania Supreme Court's administrative approval of the request without a hearing, Judge Ross filed a motion with the Supreme Court for reconsideration. Prior to its disposition, Ross instituted an action in the United States District Court for the Middle District of Pennsylvania under 42 U.S.C. Sec. 1983 against President Judge Zavarella and the Pennsylvania Supreme Court claiming that Judge Zavarella made the transfer in retaliation for the testimony given by Judge Ross against Justice Rolf Larsen of the Supreme Court of Pennsylvania, with whom Judge Zavarella is closely associated, during a Judicial Inquiry and Review Board (the Board) proceeding in violation of her first amendment rights under the United States Constitution.
 
 
 2
 After a flurry of motions and amendments to the complaint, the district court dismissed it as to the individual justices of the Supreme Court of Pennsylvania, named as parties-defendant in plaintiff's amended complaint. The court also granted Judge Zavarella's motion to dismiss the allegations in the first complaint as to him. The district court entered the dismissals because it concluded that it lacked jurisdiction to review the final decision of the state supreme court. The second amended complaint as to Judge Zavarella remains pending before the district court.
 
 
 3
 Plaintiff's appeal to this court presents several important questions for review. The first raises the interesting issue of whether a final judgment of a state supreme court approving a transfer of one of its county judges from one division to another is a judicial or administrative proceeding and the authority of a United States District Court to review it. The second, and for us the threshold question, stems from the district court's order dismissing the suit as to some of the parties, the justices of the Supreme Court of Pennsylvania. The plaintiff contends that the dismissal is reviewable as an interlocutory order denying plaintiff's motion for an injunction restraining her transfer to the Civil Division under 28 U.S.C. Sec. 1292(a)(1). Although we conclude that the order is one denying a preliminary injunction, we nonetheless must dismiss the appeal for want of an appealable order.
 
 
 4
 * Plaintiff Judge Ross has been a Judge in the Court of Common Pleas of Allegheny County since 1972. In 1978, she was assigned to the County Orphans' Court Division, where she served up until the time of this litigation. Defendant Judge Zavarella has been a Judge of the Court of Common Pleas of Allegheny County since January of 1974, and is the Administrative Judge of the Orphans' Court Division of Allegheny County. He has served as President Judge of the Court of Common Pleas of Allegheny County since January 19, 1989. Defendant Nix is Chief Justice, and defendants Flaherty, Papadakos, Zappala, and McDermott are Justices of the Supreme Court of the Commonwealth of Pennsylvania, with general supervisory and administrative authority over the judicial system of Pennsylvania. Pa. Const. art. 5, Sec. 10.
 
 
 5
 In May and September of 1987, Judge Ross reported information to the Inquiry and Review Board concerning Justice Larsen. The Board subsequently filed formal charges against Larsen and in August of 1988, Ross testified on behalf of the Board adversely to Larsen. Zavarella testified as a witness on behalf of Justice Larsen. Ross alleges that Judge Zavarella is closely associated with Justice Larsen and is a member of a social-political organization established and centered around Justice Larsen.
 
 
 6
 On February 21, 1989, Judge Zavarella petitioned the Pennsylvania Supreme Court to have Judge Ross transferred out of the Orphans' Court Division. In support of his petition, Zavarella stated that the transfer was necessary for the efficient administration of the court system because the Orphans' Court Division needed only three full-time judges and the Civil Division needed additional judges. Ross filed no opposition at this time and the Supreme Court granted that petition.
 
 
 7
 On March 22, 1989, Ross petitioned the Supreme Court for reconsideration, permanent stay and vacation of order, alleging that Judge Zavarella requested her transfer in retaliation for her testimony in the Board proceeding. On June 29, 1989, Ross petitioned the Supreme Court of Pennsylvania for a ruling on the petition for reconsideration, stay and vacation of the transfer order, and on the request for a hearing. She also requested a temporary stay until such a ruling could be made. On July 12, 1989, the Pennsylvania Supreme Court entered a per curiam[1] order denying Ross's petition for reconsideration, permanent stay and vacation of order. The court also dismissed her petition for a ruling. It made no formal record of the proceedings.
 
 
 8
 On July 10, 1989, while the matter was still pending before the Supreme Court, Judge Ross filed a complaint against Judge Zavarella and the Supreme Court of Pennsylvania pursuant to 42 U.S.C. Sec. 1983, alleging that the transfer was retaliatory and in violation of her rights under the first amendment of the United States Constitution. Ross also filed a motion under Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction and temporary restraining order enjoining her transfer to the Civil Division. The Administrative Office of the State Supreme Court agreed not to implement the transfer until the United States District Court resolved the case before it.
 
 
 9
 On July 19, 1989, Zavarella and the Justices of the Supreme Court of the Commonwealth of Pennsylvania filed motions to dismiss the complaint. Ross filed a motion to amend and supplement her First Amended Complaint and substitute the above-named individual justices as defendants in lieu of the Supreme Court of Pennsylvania. On March 20, 1990, the United States District Court for the Middle District of Pennsylvania granted the motion to dismiss as to all defendants, concluding the court lacked jurisdiction under the Rooker-Feldman[2] doctrine. 732 F.Supp. 1306. The court granted plaintiff's motion to amend the complaint as to conduct occurring after the commencement of the action in July of 1989. Plaintiff's Second Amended Complaint is still pending in the district court against Judge Zavarella.
 
 
 10
 The district court denied plaintiff's motion for a stay pending appeal and for certification pursuant to Fed.R.Civ.P. 54(b) or 28 U.S.C. Sec. 1292(b). The plaintiff appealed and sought a stay of her transfer from this court. This court denied that request by order entered on April 11, 1990.[3]
 
 II
 
 11
 We first turn to the question of whether this court has appellate jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1292(a)(1) as an appeal from a denial of an interlocutory injunction.
 
 
 12
 The Justices of the Supreme Court of Pennsylvania filed a motion to dismiss this appeal for lack of appellate jurisdiction. The basis for its motion is that the district court order was not final and there was no interlocutory injunction on which to predicate an appeal pursuant to 28 U.S.C. Sec. 1292(a)(1).
 
 
 13
 The plaintiff, Judge Ross, argues that this court has jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1) which provides that the courts of appeals shall have jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Interlocutory orders, therefore, which deny injunctive relief are immediately appealable. However, the Supreme Court has made clear "that this court has a 'special obligation' to satisfy itself of its own jurisdiction in every appeal presented to it." McNasby v. Crown Cork and Seal Co., Inc., 832 F.2d 47, 49 (3rd Cir.1987), cert. denied, 485 U.S. 936, 108 S.Ct. 1112, 99 L.Ed.2d 273 (1988), (citing Bender v. Williamsport Area School District, 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)).
 
 
 14
 Judge Ross contends that she sought an order restraining the defendants from transferring her from the Orphans' Court Division to the Civil Division as part of her prayer for relief in the complaint. Furthermore, she specifically filed a motion for a preliminary injunction on July 12, 1990, "which was effectively denied" when the district court granted defendants' motions to dismiss. Therefore, reasons the plaintiff, the court's order, though interlocutory, denied plaintiff's request for an injunction and thus became immediately appealable. The defendants argue that because the parties' agreement not to transfer Judge Ross pending the proceedings in the district court mooted her motion for a preliminary injunction and temporary restraining order, there was no request for an injunction pending before the district court at the time it entered the order of dismissal, and, therefore, this court lacks appellate jurisdiction. However, upon the expiration of the stay of transfer, Judge Ross became immediately transferable. At oral argument we were informed that Judge Ross had been transferred and is presently serving in the Civil Division of the court. We therefore regard the ultimate effect of the district court's decision as an indirect denial of the plaintiff's request for a preliminary injunction.
 
 
 15
 The Supreme Court of the United States has long cautioned against adopting a standard of appealability under section 1292(a)(1) that would undermine the congressional policy against piecemeal appeals. See Carson v. American Brands, Inc., 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). Thus, for an interlocutory order to be immediately appealable under section 1292(a)(1), the plaintiff "must show more than that the order has the practical effect of refusing an injunction." Id. at 84, 101 S.Ct. at 996. The Supreme Court stated that because section 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, the statute has been construed narrowly. "Unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectively challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." Carson, 450 U.S. at 84, 101 S.Ct. at 997.
 
 
 16
 Thus, Carson establishes two additional requirements that must be satisfied before an interlocutory order having the effect of denying an injunction can be appealed. Plaintiff, however, argues that she need not satisfy this two prong test, citing Cohen v. Board of Trustees of Univ. of Medicine, 867 F.2d 1455 (3rd Cir.1989) (in banc). Cohen involved the appeal of the district court's order that the plaintiff remain in her teaching position until a hearing was held and a determination reached as to whether she would be terminated for cause. The court stated that the "statutory language is in no way qualified by any irreparable injury requirement. If an order is injunctive, even though interlocutory, it is immediately appealable." Plaintiff cites this language as support for her contention that she need not prove the two additional factors required by Carson.
 
 
 17
 However, in Cohen, the court considered the district court's order explicitly granting injunctive relief. The court went on to say that when an order has the indirect effect of denying injunctive relief, the Carson two prong test must be satisfied. Here, the district court's dismissal of the case on jurisdictional grounds constituted an indirect denial of injunctive relief and thus, even under Cohen, the plaintiff must prove irreparable harm and that the order can be challenged effectively only by immediate appeal. Moreover, a more recent Supreme Court opinion reveals that the Carson test applies to all denials of injunctions, and not just to indirect denials. In Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 379, 107 S.Ct. 1177, 1184, 94 L.Ed.2d 389 (1987), the Court declared that "[t]his Court has made it clear that not all denials of injunctive relief are immediately appealable; a party seeking review also must show that the order will have a " 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." (citations omitted). Thus, Ross must satisfy the Carson two part test. Accord, Metex Corp. v. ACS Industries, Inc., 748 F.2d 150, 154 (3rd Cir.1984) (Denial of injunctive relief does not constitute an appealable order unless the party satisfies the Carson test.).
 
 
 18
 Plaintiff argues that she satisfies the Carson irreparable harm test because she is still "suffering retaliation for exercising her First Amendment rights, and is subject to consistent harassment from Defendant Zavarella. This attempt to chill [her] exercise of First Amendment rights is serious harm which could be remedied by a quick resolution of this matter." Although this may be true, this argument does not respond to whether a denial of an injunction preventing her transfer would cause serious, perhaps irreparable harm. Harassment from Zavarella is a distinct issue from her transfer; one has nothing to do with the other.
 
 
 19
 Without deciding whether a transfer for reasons of retaliation for first amendment activities is actionable under section 1983, the retention of Judge Ross in the Civil Division during the pendency of the litigation does not constitute irreparable harm. Admittedly, Judge Ross served on the Orphans' Court Division for 18 years and had acquired expertise in the area of Orphans' Court law. However, her transfer between divisions of the court in no way denigrates her legal status or her judicial reputation. She suffers no diminution in salary or tenure because of the transfer. She sustains merely a lateral internal transfer within the same court. Judge Ross obviously prefers to remain where she was--the Orphans' Court Division--but we fail to perceive how the relocation of her judicial services causes her such injury as outweighs Congress' stated policy against piecemeal review.III
 
 
 20
 In light of the result we reach, we need not determine whether the Rooker-Feldman doctrine is applicable to the facts of this case. We, therefore, hold that this appeal will be dismissed for want of an appealable order. The plaintiff has shown neither irreparable injury nor effective denial of her right to appeal after a final judgment in the district court. We, of course, pass no judgment on the merits of her case.
 
 
 21
 Costs taxed against appellant.
 
 
 
 [1]
 Justice Larsen recused himself
 
 
 [2]
 The Rooker-Feldman doctrine takes its name from two major Supreme Court cases interpreting 28 U.S.C. Sec. 1257, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)
 
 
 [3]
 The motion of the Justices of the Supreme Court of Pennsylvania to dismiss the appeal was referred to the merits panel for disposition