United States Court of Appeals,

Eleventh Circuit.

No. 96-2307

Non-Argument Calendar.

Gabe KAIMOWITZ, Esquire, Qui Tam, Plaintiff-Appellant,

USA, ex rel., Plaintiff,

v.

ORLANDO, FL, Rick Bernhardt, Orlando Neighborhood Improvement Corporation ("ONIC"), Defendants-Appellees.

Sept. 15, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-204-CIV-ORL-19), Patricia C. Fawsett, Judge.

Before ANDERSON and BLACK, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

This is an interlocutory appeal from the district court's denial of a motion for a preliminary injunction. Appellant Kaimowitz brought the underlying action, a *qui tam* claim against the City of Orlando, Florida, *inter alia,* alleging that the defendants knowingly and improperly obtained funds from several federal agencies for the development or improvement of properties in minority-concentrated areas of Orlando, Florida. While the action was pending, Kaimowitz moved for a preliminary injunction, stating that a city ordinance allowed members of the public to speak for five minutes each at the conclusion of city council meetings on any subject, and gave the city counsel and the mayor the authority to enlarge the five-minute time limit. He alleged that the mayor and the city council refused to let him speak beyond the five-minute limit and, on one occasion when he did not stop speaking after the time limit, had the police forcibly remove and restrain him until the city council meeting concluded. Kaimowitz asked the district court to grant an injunction denying the mayor's right to enforce the five-minute time limit, stating that the time limit chilled his First Amendment right to free speech. He also asked the district court to declare the ordinance unconstitutional, because the authority to extend the five-minute limit could be used arbitrarily to

permit those in agreement with the city leaders to continue speaking while the denial of an extension would silence opposition.

The district court denied the motion for a preliminary injunction, finding that the injunction was not related to the *qui tam* action, and that it would be unnecessarily confusing to allow Kaimowitz to bring a personal action along with an action on behalf of the government. The district court directed Kaimowitz to file his individual claims in a separate action.

On appeal, Kaimowitz raises three issues: (1) the district court erred in denying his motion to amend his complaint; (2) the district court erred in denying his motion for a preliminary injunction because restraint is necessary to keep the defendants from intimidating him; and (3) the district court erred in failing to hold a hearing on his motion for an injunction.

Any review of the district court's denial of Kaimowitz' motion to amend his complaint is premature. This case is before the court as an interlocutory appeal from the district court's order denying Kaimowitz' request for a preliminary injunction. That order is immediately appealable under 28 U.S.C. § 1292(a)(1), but the scope of the court's jurisdiction is limited to matters directly related to the denial of injunctive relief.[1] The issues underlying the motion for a preliminary injunction differ from the issues raised in the *qui tam* action; in addition, there is nothing for the court to review because the district court has not ruled on the *qui tam* claim. Consequently, this court lacks jurisdiction under § 1292(a)(1) to review the district court's denial of Kaimowitz' motion to amend his complaint.

This Court reviews the district court's denial of a preliminary injunction under an abuse of discretion standard.[2] A preliminary injunction is always appropriate to grant intermediate relief of

---

[1] *See Callaway v. Block,* 763 F.2d 1283, 1287 n. 6 (11th Cir.1985) ("As a general rule, when an appeal is taken from the grant or denial of a preliminary injunction, the reviewing court will go no further into the merits than is necessary to decide the interlocutory appeal").

[2] *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.,* 14 F.3d 1507, 1517 (11th Cir.1994), *cert. denied,* 513 U.S. 1146, 115 S.Ct. 1092, 130 L.Ed.2d 1061 (1995); *see also Cafe 207, Inc. v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir.1993) (noting that preliminary injunction is a "drastic remedy").

the same character as that which may be granted finally.[3]  A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.[4]  Here, the suit is one for damages on a claim of fraud.  In his injunction Kaimowitz sought equitable relief regarding a First Amendment issue, but that relief was not of the same character that could be granted finally, and dealt with a matter that was wholly outside of the issues in the suit.  The district court did not err in denying the motion for an injunction.

As to Kaimowitz' contention that the district court was required to hold an evidentiary hearing, the Federal Rules of Civil Procedure state only that "[n]o preliminary injunction shall be issued without notice to the adverse party,"[5] and do not expressly require a hearing on every motion for injunctive relief.[6]  Generally, evidentiary hearings are required prior to the issuance or denial of a motion for preliminary injunction only where there is a presumption of irreparable harm, as in a Title VII employment discrimination case.[7]  Because there is no presumption of irreparable harm in this case, the district court did not err in not holding a hearing.

AFFIRMED.

---

[3]*De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220, 65 S.Ct. 1130, 1134, 89 L.Ed. 1566 (1945) (emphasis added).

[4]*Id.*

[5]Fed.R.Civ.P. 65(a).

[6]*See Baker v. Buckeye Cellulose Corp.,* 856 F.2d 167, 169 (11th Cir.1988).

[7]*See id.*