**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 9-4112
_____

JOSEPHAT HENRY; SYLVIA BROWNE;
MAUDE DREW; MARTHA ACOSTA; WILHELMINA GLASGOW;
MERCEDES ROSA; AMADO RODRIGUEZ;
GEORGE RODRIGUEZ; Individually and on behalf of George E.;

SONYA CIRILO; NEFTALI CAMACHO,  as Class Representative,
Appellants

v.

ST. CROIX ALUMINA LLC; ALCOA INC;
GLENCORE LTD, FKA Clarendon, Ltd.

_____

No. 9-4494
_____

JOSEPHAT HENRY; SYLVIA BROWNE; MAUDE DREW;
MARTHA ACOSTA; WILHELMINA GLASGOW;
MERCEDES ROSA; AMADO RODRIGUEZ;
GEORGE RODRIGUEZ; Individually and on behalf of George E.;
SONYA CIRILO; NEFTALI CAMACHO, as Class Representative,
Appellants

v.

ST. CROIX ALUMINA, LLC;
ALOCA, INC; GLENCORE LTD, FKA Clarendon, Ltd.

1

On Appeal from the District Court
of the Virgin Islands
(No. 99-cv-00036)
District Judge: Honorable Harvey Bartle III
_____

Submitted December 17, 2010

Before: MCKEE, *Chief Judge*; FUENTES and SMITH, *Circuit Judges*

(Opinion Filed: March 4, 2011)

Fuentes, *Circuit Judge*:

Appellants-class plaintiffs Josephat Henry et al. ("the Class") appeal the District Court's orders granting summary judgment to defendants St. Croix Alumina, LLC ("St. Croix Alumina"), Alcoa, Inc. ("Alcoa"), and Glencore Ltd. ("Glencore") (collectively, "Defendants"), as well as discovery-related orders by the District Court. For the reasons given below, we find that we lack appellate jurisdiction and therefore dismiss the appeal.

**I.**

Because we write primarily for the parties, we we set forth only the facts and history of this lengthy and complicated case that are relevant to our conclusion. This is an interlocutory appeal from two summary judgment orders granted in favor of the Defendants. Class members brought this action as a result of the storage of bauxite and red mud on the premises of St. Croix Refinery ("the Refinery"). Bauxite, which was stored in a covered shed, is a generally inert material, while bauxite residue (also known as "red mud"), which was stored in open cells, is a highly alkaline product with

potentially negative effects. On September 21, 1998, when Hurricane Georges pummeled St. Croix, bauxite was driven from the Refinery into homes in six neighboring communities.

In 1999, plaintiffs brought suit against St. Croix Alumina, Alcoa, and Glencore, based on their personal injury and property damages resulting from Hurricane Georges. They also sought punitive damages and an injunction requiring Defendants to, among other things, "desist [from] all activities that allow the release of [certain] pollutants" and to "remove all such pollutants...from the island of St. Croix." A class was originally certified in August 2000 under Federal Rule of Civil Procedure 23(b)(3). In June 2008, Chief Judge Bartle decertified the Rule 23(b)(3) class and re-certified a Rule 23(b)(2) class to its current composition, individuals who "*currently reside, work and or own property* in a number of neighborhoods adjacent to an alumina refinery, St. Croix Alumina," and who "*could suffer* personal injuries or property damage in the future" as a result of the *current* storage and containment of bauxite at the refinery (emphasis added). That is, the claims of the Class as now certified arise from the possibility of future harm to individuals now in proximity to the Refinery from the alleged present-day storage of pollutants at the Refinery. Alcoa, St. Croix Alumina, and Glencore moved for summary judgment on all the remaining individual claims for property damage, personal injury and punitive damages.[1]

---

[1] In addition to adopting the arguments of the other Defendants, Glencore also made additional arguments based on issues of corporate ownership which apply to it alone.

The District Court granted these motions in part and denied them in part, dismissing the personal injury and punitive claims but denying the motion with regard to the property damage claims. Alcoa, St. Croix Alumina, and Glencore then moved for summary judgment on plaintiffs' injunctive relief claim, which the District Court granted in two separate orders. It ruled that plaintiffs could not "point to any evidence produced in the years of discovery that constitutes significant probative evidence tending to support a continuing nuisance after the hurricane abated." In light of the District Court's rulings, only the individual property claims are still pending before it.

Over the course of the litigation, the District Court also adopted certain discovery-related orders issued by the magistrate judge. In addition to the two summary judgment rulings, the Class now attempts to appeal: (a) the magistrate's denial of a motion pursuant to Fed. R. Civ. P. 56(f) for additional discovery before the resolution of the motions for summary judgment; and (b) the sanctions imposed by the magistrate on Alcoa and St. Croix Alumina related to their failure to produce certain documents during the litigation.

## II.

The Class and the Defendants all agree that the Class's appeals of the District Court's grants of summary judgment are interlocutory. We generally lack jurisdiction to review interlocutory orders, with certain statutory exceptions. One such exception is established by 28 U.S.C. § 1292(a), which provides that "courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts . . . granting, continuing, modifying, refusing, or dissolving injunctions." *OFC Comm'r Baseball v. Markell*, 579 F.3d 293, 298 (3d Cir. 2009). However, § 1292(a) "was intended to carve

4

out only a limited exception to the final-judgment rule" and the Supreme Court "ha[s] construed the statute narrowly." *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981). Thus, an order *expressly* denying an injunction is immediately appealable under § 1292(a) as of right. *Markell*, 579 F.3d at 298. In contrast, an order which has only the practical *effect* of denying an injunction may also be appealed, but only if the denial (1) will have a serious, perhaps irreparable, consequence; and (2) can be effectively challenged only by immediate appeal. *Carson*, 450 U.S. at 83-84. In short, under *Carson*, we may hear interlocutory appeals of orders effectively denying injunctive relief only when the denial has grave repercussions and there is no other avenue by which the party seeking appeal can gain relief.

The Class argues that the District Court's grants of summary judgment were orders explicitly refusing an injunction, rather than orders merely having the effect of refusing an injunction, and that their appeal is therefore not subject to the *Carson* standard. The Defendants, in opposition, argue that the grants of summary judgment were only effective denials of injunctive relief and that the Class must therefore satisfy the requirements of *Carson*. It is true that the District Court "enter[ed] summary judgment in favor of defendants...on plaintiffs' class claims for injunctive relief." However, in cases in similar procedural postures, we have found that grants of dispositive motions against parties who have sought injunctive relief are only *effective* denials of that relief. For instance, in *United States v. RMI Co.*, 661 F.2d 279, 281 (3d Cir. 1981), we treated an appeal from a grant of partial summary judgment against a plaintiff who had requested injunctive relief as an order that has only the *effect* of denying a permanent

5

injunction, and thus subject to *Carson*. Similarly, in *Ross v. Zavarella*, 916 F.2d 898, 900-02 (3d Cir. 1990), we found that a grant of a partial motion to dismiss a complaint that requested preliminary injunctive relief also only effectively denied the injunction, and thus the appeal of that order was subject to *Carson*. The Class argues that the present case can be distinguished from those cases because the District Court in this case actually mentioned the Class's request for injunctive relief in its opinion, but we do not think a mere reference to the relief sought is sufficient to qualify the order for a § 1292(a)(1) appeal as of right. Therefore, the Class's appeal is subject to the *Carson* standard.

We have recently held that, in evaluating the "serious consequences" prong of the *Carson* standard, "urgency is the touchstone . . . When the appellee's actions are not causing any continuing harm, we generally have held that this prong is not met." *Victaulic Co. v. Tieman*, 499 F.3d 227, 232 (3d Cir. 2007). "[W]hether the appellant moved for a preliminary injunction is evidence of the case's urgency." *Id.*

In this case, the Class is seeking a permanent injunction to compel clean-up of the refinery site to avert the risk of future harm in the form of fugitive emissions from the bauxite and red mud *presently stored* at the refinery site. The litigation has been proceeding for more than ten years; it is difficult to see the urgency of resolving the present appeals on an interlocutory basis. The injunctive relief sought aims at preventing future harm, not ending a "continuing harm" caused by the Defendants' actions. And at no time has the Class sought a preliminary injunction to compel clean-up of the site. Moreover, as we previously stated, after many years of litigation, plaintiffs "have produced no record evidence tending to show that a continuing nuisance [involving the

6

escape of red mud] ever existed at the Refinery." Given these facts, we cannot find that the denial of injunctive relief to the Class will have "serious, perhaps irreparable" consequences.[2] Therefore, we lack jurisdiction to review the District Court's grants of summary judgment at this time.

As for the various discovery orders and allegedly inadequate sanctions of its adversaries for discovery misconduct of which the Class complains, "[d]iscovery orders are not final decisions within the meaning of 28 U.S.C. § 1291," and therefore we lack jurisdiction to hear interlocutory appeals of such orders. *Adapt of Philadelphia v. Philadelphia Housing Auth.*, 433 F.3d 353, 360 (3d Cir. 2006). Similarly, discovery sanctions are "not immediately appealable under 28 U.S.C. § 1291," even when appealed by the party against whom the sanctions have been assessed—as is not the case in the matter before us. *Comuso v. Nat'l R.R. Pass. Corp.*, 267 F.3d 331, 339 (3d Cir. 2001).

**III.**

For the foregoing reasons, we dismiss the Class's appeal for lack of jurisdiction.

---

[2] Thus, we need not consider whether the denial can be effectively challenged only by immediate appeal, the other requirement of *Carson*.