BLD-021                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1937
_____

MARCELLUS A. JONES,
                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
TABB BICKELL; SHIRLEY MOORE-SMEAL; JAMES BARNACLE;
WAKEFIELD; DORINA VARNER; TAYLOR; CAMPBELL; MCCLOSKEY;
RICHARD GROSS; VIVIAN LANE; MAINELLO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-00487)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 4, 2014)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P 5.7 does not constitute binding precedent.

PER CURIAM

Marcellus Jones, a Pennsylvania inmate proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment to the defendants. For the reasons set forth below, we will summarily affirm.

I.

In May and June of 2011, Jones received numerous misconduct reports for spitting on or attempting to spit on staff members at the State Correctional Institute in Huntingdon ("SCI-Huntingdon"). Although the open side of his cell was almost completely covered with a plastic shield, Jones was able to spit at staff members through an approximately one-quarter inch gap between his cell door and doorframe. On June 7, 2011, as a temporary solution to this problem, defendant Taylor ordered defendants Campbell and McCloskey to cover the gaps on the sides and top of the door with tape. The gap on the bottom of the door and other holes and gaps were left open because Jones could not spit through them. The tape was in place for no more than one or two days.

After Jones's grievances and grievance appeals about the tape failed, he filed this 42 U.S.C. § 1983 action in the United States District Court against various officials at SCI-Huntingdon. Jones's amended complaint asserted a variety of state law and constitutional claims, all of which were dismissed except Jones's Eighth Amendment conditions of confinement claim against Taylor, Campbell, and McCloskey for placing tape over his cell door, allegedly depriving him of adequate ventilation.

After the close of discovery, the defendants moved for summary judgment. The Magistrate Judge recommended granting summary judgment to the defendants because the record evidence indicated that, despite the tape, Jones had adequate ventilation and fresh air in his cell. The District Judge adopted the report and recommendation and entered judgment for the defendants. Jones then timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order granting summary judgment is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We will summarily affirm the District Court's grant of summary judgment because this appeal does not raise a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

To succeed on an Eighth Amendment conditions of confinement claim, a plaintiff must prove that the deprivation was sufficiently serious (the objective element), and that the prison officials acted with a sufficiently culpable state of mind (the subjective element). Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective element may be satisfied when inmates are deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); accord Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (holding that plaintiff's Eighth Amendment claim failed

3

because he "presented no evidence that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety.") As to the subjective element, the plaintiff must prove that the prison official knew of and disregarded an excessive risk to the plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The District Court granted summary judgment to the defendants because Jones offered no evidence that he was denied a basic human need. We agree. The record evidence demonstrates that, despite the tape on the sides and top of his door, Jones had ample ventilation and fresh air in his cell. Jones's "complete failure of proof" on the objective element of his claim entitled the defendants to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### III.

Nothing in Jones's arguments in support of his appeal undermines the District Court's conclusions. Jones contends that the District Court improperly granted summary judgment before he had time to complete discovery. "Whether a district court prematurely grants summary judgment is reviewed for abuse of discretion." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989). A court may defer ruling on a summary judgment motion if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). In addition to filing an affidavit or declaration, the rule "requires that a party

4

indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered this information." Radich, 886 F.2d at 1393-94.

Jones did not file a Rule 56(d) affidavit or declaration, nor did he ever clearly address Rule 56(d)'s other requirements. Jones did file a motion to compel discovery, in which he noted that a lack of discovery hindered his opposition to the defendants' summary judgment motion. This motion, however, was deemed withdrawn because Jones failed to file a supporting brief, as required by the local rules. Although we liberally construe pro se filings, Jones is not exempt from procedural rules or the consequences of failing to comply with them. See McNeil v. United States, 508 U.S. 106, 113 (1993). Thus, the only document that could be construed as seeking relief under Rule 56(d) was never properly before the court.[1] And even if it were, Jones did not include an affidavit or declaration, and therefore relief under Rule 56(d) would have been inappropriate. See Radich, 886 F.2d at 1393-94. Based on our review of the record, the District Court did not grant summary judgment prematurely or otherwise abuse its discretion in managing discovery.

Jones also argues that the defendants retaliated against him for filing this case, including by destroying legal documents that he intended to file. Related to this, Jones contends that many documents he submitted to the District Court were never filed, either

---

[1] After the Magistrate Judge recommended granting summary judgment, Jones filed a request for interrogatories. But this request did not ask anything of the court related to the interrogatories. Rather, Jones presented it as a copy to the court. Nothing in this short letter can be construed as an effort to delay summary judgment under Rule 56(d).

due to interference by prison officials or the court's error. Jones attempted to raise similar arguments throughout the District Court proceedings. The District Court dismissed the First Amendment retaliation and access to courts claims in Jones's amended complaint for failure to state a claim. Later, Jones moved to supplement his complaint to add similar claims and more than one hundred defendants. The District Court, in its discretion, Owens-Ill. Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979), denied this motion to supplement after finding undue delay, bad faith, dilatory tactics, undue prejudice, and futility. We perceive no error or abuse of discretion in the District Court's rulings on these issues. Thus, as the District Court explained many times, Jones's retaliation and access to courts allegations are not part of this case, and they do not undermine the judgment on Jones's conditions of confinement claim.

Finally, Jones argues that the District Court erred by ignoring his preliminary injunction motion. Jones filed three motions for injunctions related to the alleged retaliation and harsh treatment he received from prison officials. The first motion was deemed withdrawn for failure to file a supporting brief. The second motion was denied on the merits because his claims for injunctive relief were entirely different from the claim in the case and, in any event, he failed to demonstrate a likelihood of success on the merits or irreparable injury. See Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (listing preliminary injunction factors). In August 2013, Jones filed a third motion, which was docketed only as a memorandum of law, again for an injunction to stop alleged retaliation. The District Court did not address this motion. However, by

granting summary judgment to the defendants and closing the case, the District Court effectively denied the motion. Cf. Ross v. Zavarella, 916 F.2d 898, 902 (3d Cir. 1990) (holding that "the district court's dismissal of the case . . . constituted an indirect denial of injunctive relief" (emphasis omitted)). The only question, then, is whether the District Court erred in denying Jones's preliminary injunction motions.

"We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). As the District Court noted, preliminary injunctions should not be granted when they deal with issues "wholly outside the issues in the suit," and seek intermediate relief of a different character than the relief ultimately sought. De Beers Consol. Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945); accord Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997). The alleged ongoing retaliation against Jones is an issue wholly outside whether the defendants violated the Eighth Amendment's conditions of confinement guarantees by placing tape on Jones's cell door for one or two days in June 2011. Therefore, the District Court did not err in denying Jones's preliminary injunction motions.

IV.

There being no substantial question presented on appeal, we will summarily affirm. Jones's motion for appointment of counsel is denied as moot.

7