CLD-079                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1750
_____

KEVIN C. BRATHWAITE,
                    Appellant

v.

WARDEN PERRY PHELPS; DEPUTY WARDEN DAVID PIERCE; DEPUTY
WARDEN CHRISTOPHER KLEIN; JAMES SCARBOROUGH; MARCELLO
RISPOLI; KAREN HAWKINS; LT. FURMAN; RONALD HOSTERMAN; LINDA
KEMP; LARRY SAVAGE; DELAWARE DEPARTMENT OF CORRECTIONS;
CLASSIFICATION PERSONNEL; DR. DEROSIERS; NURSE CAROL BIANNCHI
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-00646)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, Circuit Judges

(Opinion filed: February 18, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kevin Brathwaite, an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed a pro se civil rights action against correctional employees and medical personnel at VCC, bringing claims for due process violations, excessive force, and deliberate indifference to medical needs. The parties have completed discovery and motions for summary judgment filed by the five remaining defendants are pending before the District Court. Over the course of this litigation, Brathwaite has filed a variety of requests for injunctive relief, all of which have been denied by the District Court. In his most recent motion for preliminary injunction, Brathwaite asserted that he has been wrongfully housed in the Security Housing Unit ("SHU") for nearly ten years, without receiving any meaningful review of his security classification level. Brathwaite alleged that, in or around October 2013, the inmate classification board recommended that he be transferred to the general housing population, but that Warden Pierce arbitrarily vetoed the security reclassification and kept Brathwaite in SHU. He also alleged that, in retaliation for the 2013 re-publication of his 2010 book, "Big Boss: Somebody's Gonna Pay," a memoir exposing corruption in the Delaware Department of Corrections, various prison officials have filed false disciplinary charges against him and violated disciplinary procedures in order to manipulate his security classification level and keep him in SHU.

In December 2013, Brathwaite was written up on various disciplinary charges, and the resulting "points" affected his security classification status. Brathwaite admitted to a number of the disciplinary infractions, such as the possession of football betting slips, but

2

disputed the validity of certain aspects of his disciplinary hearings and the prison appeals process. He averred that actions by a number of prison employees have violated his rights to free speech and equal protection. Brathwaite did not specify the injunctive relief that he seeks, but we presume that he seeks to be reclassified to a lower security level and transferred to the general population.

The District Court denied the motion. Brathwaite filed a timely Notice of Appeal. Appellees have moved for summary affirmance of the District Court's order, and Brathwaite has opposed their motion. Brathwaite has also filed a motion in this court titled a "Motion to Amend More Evidence," in which he seeks to introduce prisoner classification documents that were not part of the record before the District Court. Appellees have opposed this motion.

We have jurisdiction over appeals from interlocutory orders granting or refusing injunctions pursuant to 28 U.S.C. § 1292(a)(1). "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). Our standard of review is narrow. Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009). "Unless an abuse of discretion is clearly established, or an obvious error has [occurred] in the application of the law, or a serious and important mistake has been made in the consideration of the proof, the judgment of the trial court must be taken as presumptively correct." Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 852 (3d

3

Cir. 1986) (quotation omitted). We may affirm on any grounds supported by the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001), and we may summarily affirm if Brathwaite does not raise a substantial question on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Furthermore, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context calls for caution and judicial restraint. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995); see also 18 U.S.C. § 3626(a)(2).

In denying the request for a preliminary injunction, the District Court held that Brathwaite had failed to demonstrate any likelihood of success on the merits of his retaliation claim because inmates do not have a statutory or constitutional entitlement to a particular custodial classification. The District Court noted that it had dismissed similar claims as frivolous early in the litigation, upon its initial review of the complaint and amended complaints under 28 U.S.C. § 1915. The District Court also held that Brathwaite's retaliation claim was conclusory and unsupported by the record, and that he had failed to show irreparable harm. We need not address these holdings, however,

4

because we conclude that Brathwaite's motion is insufficiently related to his current action.[1]

In his motion for preliminary injunction, Brathwaite alleged retaliation and other constitutional violations by at least nine prison employees who are not defendants in this case. Of these employees, only Warden Pierce and Captain Rispoli were named in any of Brathwaite's initial complaints, and both were terminated as defendants in 2010.[2] The only claims remaining before the District Court to this action are Brathwaite's claims for excessive force and indifference to medical needs, based on events that occurred in 2008 to 2010, against five defendants who were not named in the motion for preliminary injunction. In December 2013, a few weeks before he filed his preliminary injunction motion, Brathwaite moved for leave to amend his 2010 complaint yet again, to add a retaliation claim based on recent events. The District Court had not yet ruled on this motion when Brathwaite sought the injunctive relief at issue here, and there therefore was

---

[1] Although we need not address these holdings here, we note that the District Court may have overstated the case law when it concluded that an inmate's placement or retention in segregated housing can never create a liberty interest implicating due process rights. See, e.g., Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000).

[2] To the extent that Brathwaite in fact seeks to challenge the District Court's December 8, 2010 order terminating these defendants, we do not have jurisdiction because that order is not appealable at this time. Similarly, to the extent that Brathwaite seeks to challenge the District Court's December 8, 2010 ruling that his original claims regarding the security classification review process were frivolous, we may not review that order at this time.

no retaliation claim pending before the District Court when it denied his motion.[3]

Because the preliminary injunction motion dealt with claims and actions by prison

employees unrelated to the suit at that time, the District Court appropriately held that

Brathwaite could not establish any right to injunctive relief.  See De Beers Consol.

Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945); accord Kaimowitz v. Orlando,

Fla., 122 F.3d 41, 43 (11th Cir. 1997) (per curiam).

Accordingly, because this appeal presents no substantial question, we will

summarily affirm the judgment of the District Court.  See 3d Cir. L.A.R. 27.4; I.O.P.

10.6.  Appellant's motion to amend is denied.

---

[3] The appropriate method by which to assert a new, unrelated retaliation claim against
new defendants is by filing a separate civil action in the District Court.