[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11456
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-01423-BJD-PDB

NYKA TASSIANT O'CONNOR,

                                                      Plaintiff-Appellant,

versus

JULIE JONES, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
et al.

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2021)

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Nyka O'Connor, a Florida prisoner proceeding *pro se*, appeals the district court's denial without prejudice of his motion for a preliminary injunction in a civil rights action against the current Secretary of the Florida Department of Corrections, two former Secretaries of the Florida Department of Corrections, and several current and former employees of Florida State Prison. After careful review of the parties' briefs and the record, we affirm.

## I

In April of 2017, Mr. O'Connor filed a 42 U.S.C. § 1983 complaint in the Southern District of Florida. The complaint named over 20 defendants, including judges, prosecutors, clerks, healthcare corporations, the Secretary of the FDOC, the FSP warden, and other FSP staff. It asserted claims for fraud, unlawful imprisonment, denial of access to courts, inadequate health care, contract violations, failure to accommodate physical and mental health disabilities, failure to provide religious meals, and for other prison conditions at FSP.

Mr. O'Connor moved to proceed *in forma pauperis*. The district court dismissed Mr. O'Connor's complaint, finding that he was a three-strikes litigant who had not met the imminent danger exception. In September of 2018, we found that Mr. O'Connor had met the imminent danger standard and reversed and remanded. In November of 2018, Mr. O'Connor's case was transferred to the Middle District of Florida. Over the course of the proceedings, Mr. O'Connor was transferred

2

multiple times to different prisons in Florida.  He is presently incarcerated at Wakulla Correctional Institution.

After filing multiple amended complaints, the district court ordered Mr. O'Connor to limit his claims to those for inadequate medical care and inadequate diet.  In January of 2020, he filed an amended 42 U.S.C. § 1983 complaint against former FDOC Secretaries Julie Jones and Michael D. Crews, FSP doctor Gonzalo Espino, former FSP doctor Chuong T. Le, FSP nurses S. Johnson and Roseanna Singletary, former FSP wardens John Palmer and Barry Reddish, FSP food service staff Roberta Graham and Terrenzi Cohens, and FSP security staff Erik McCoy in their individual and official capacities.[1]

Mr. O'Connor asserted four claims in his amended complaint.  First, Mr. O'Connor alleged that several of the defendants were deliberately indifferent to his serious health needs, constituting cruel and unusual punishment and a breach of contract.  Second, he asserted that the Secretary of the FDOC and the FSP warden discriminated against him and failed to reasonably accommodate his disabilities in violation of the Americans with Disabilities Act and the Rehabilitation Act, and in breach of contract.  Third, he alleged that several of the defendants denied him his

---

[1] Mr. O'Connor sued Ms. Jones and Mr. Crews in their individual and official capacities as Secretaries of the FDOC, a position neither held at the time of filing.  Pursuant to Fed. R. Civ. P. 25(d)(1), the district court substituted current Secretary Mark S. Inch, in his official capacity and noted that the claims against Ms. Jones and Mr. Crews in their individual capacities remained.

3

right to religious freedom in violation of the First Amendment, the Florida Constitution, contract law, and the Religious Land Use and Institutionalized Persons Act. Fourth, he alleged that some of the defendants were deliberately indifferent to his basic need for adequate meals under USDA standards with clean containers and utensils, constituting cruel and unusual punishment, violating the Florida Constitution, and contract law.

On the same day that he submitted his amended complaint, Mr. O'Connor filed a motion for a preliminary injunction. Mr. O'Connor alleged that for years he had suffered from severe gastrointestinal issues that had been exacerbated by prison officials' failure to provide him a non-standard therapeutic vegetarian diet, and he asserted that he continued to experience numerous issues related to his health. Mr. O'Connor claimed that the issues were not moot. Even though he was no longer incarcerated at FSP, he was still under the custody, control, and care of the Secretary of the FDOC, and the injunction would be directed to the FDOC. Mr. O'Connor argued that he was entitled to a preliminary injunction because each relevant factor weighed in his favor. Regarding irreparable harm, Mr. O'Connor claimed that the FDOC Secretary continued to deny him adequate health care, reasonable disability accommodations under the Americans with Disabilities Act, and the right to his religious practice, specifically meals for Passover and Purim.

Mr. O'Connor asserted that under common law and Florida contract law he was entitled to adequate care, reasonable accommodations, and religion. And he argued that the denial of his constitutional rights was *per se* an irreparable harm. He also claimed that he had ongoing injuries resulting from the denial of his rights, a serious problem with his gallbladder, and heartburn and acid reflux.

In addition, Mr. O'Connor claimed that he also had an inability to perform daily life activities due to severe pain in his head, shoulders, intestines, knee, ankle, and toe, and that he had an inability to eat and speak properly, thereby resulting in irreparable injury. Mr. O'Connor argued that it would cost the FDOC little to provide him the desired care and accommodations. Mr. O'Connor claimed that he was more likely than not to succeed on the merits of his claim and that the public's interest would be served by forcing prison officials to obey the law.

For relief, Mr. O'Connor requested a preliminary injunction requiring the FDOC Secretary to invalidate "unlawful customs, practices, and policy," and to employ legal customs, practices, and policies to "facilitate adequate care, custody, control and confinement of inmates" including himself. He also requested that he be provided adequate and reasonable accommodations for his serious health needs and disabilities. For example, he requested that he be provided a vegetarian diet and a non-standard therapeutic diet in compliance with his health needs and religious beliefs, and that the diet should include five food groups, 2600-2800 calories daily

5

for all diets, and clean utensils.  He also requested adequate "inquiries" to diagnose him, perform procedures, and surgeries as soon as possible, as well as several specific requests for various ailments.  Lastly, he requested that adequate holy day items be provided for Purim and Passover, or for donors to be able to donate these items directly to inmates.

The district court denied the motion for preliminary injunction.  It noted that Mr. O'Connor had strayed beyond the boundaries set by the court, which had limited him to claims of inadequate medical care and inadequate diet.  And it found that Mr. O'Connor had failed to carry his burden because (1) he was effectively seeking injunctive relief against non-defendant WCI employees for conditions at FSP, a facility where he was no longer incarcerated, and (2) because he had failed to establish an irreparable injury.  Mr. O'Connor's appeal followed.

## II

### A

Appeals are permitted from interlocutory orders denying a motion for a preliminary injunction.  *See* 28 U.S.C. § 1292(a)(1); *Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Intern.*, 238 F.3d 1300, 1308 (11th Cir. 2001).  We review the district court's denial of a preliminary injunction for abuse of discretion.  *See Horton v. City of St. Augustine*, 272 F.3d 1318, 1326 (11th Cir. 2001).

We consider four factors to determine whether preliminary relief is warranted: (1) whether there is a substantial likelihood of success on the merits; (2) whether the applicant will suffer irreparable injury if preliminary relief is withheld; (3) whether the injury outweighs the harm to the opposing party in granting the relief; and (4) whether the relief is in the public interest. *See Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). The plaintiff bears the burden on each of these factors. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

A preliminary injunction should be of the same character as the underlying suit and should not deal with manners that lie "wholly outside" the issues presented in the lawsuit. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). In the context of prison litigation, the Prison Litigation Reform Act mandates that injunctive relief is only appropriate where it is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). *See Thomas v. Bryant*, 614 F.3d 1288, 1318, 1324 (11th Cir. 2010).

Generally, if a prisoner is transferred or released, his individual claim for injunctive relief relating to the conditions of his confinement at a particular correctional facility is moot. *See McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984). *See also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir.

7

1988) (holding that a prisoner's complaints regarding the administrative segregation unit in a particular Alabama prison were moot following the defendant's transfer to a different prison).

To address Mr. O'Connor's various requests, we recount the legal standards for each of his legal claims below.

A claimant is entitled to relief under 42 U.S.C. § 1983 if he can prove that a person acting under color of state law deprived him or her of a federal right. *See Almand v. DeKalb County, Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997). The Eighth Amendment prohibits deliberate indifference to a prisoner's serious injury or illness. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To demonstrate deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need; and (3) causation between the defendant's indifference and the ensuing injury. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).

Prisoners are required to be provided reasonably adequate food. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). A constitutional deprivation does not occur, however, if the food occasionally contains foreign objects or falls below food preparation standards. *See id.*

To state a claim of discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, a claimant must prove (1) that he is a qualified

8

individual with a disability and (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by the public entity by reason of the claimant's disability. *See Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). The standard for determining liability under the Rehabilitation Act, 29 U.S.C. § 794, is the same as the standard under the ADA. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

Under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, the plaintiff bears the initial burden of persuasion and establishes a *prima facie* case by showing that he engaged in a religious exercise and that that exercise was substantially burdened. *See Smith v. Owens*, 848 F.3d 975, 979–80 (11th Cir. 2017). Under the First Amendment, a religious free exercise claim requires a showing that the government has impermissibly burdened a sincerely held religious belief. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007). A prisoner's request for a religious accommodation must be sincerely based on a religious belief and not an alternate motivation. *See Holt v. Hobbs,* 574 U.S. 352, 360–61 (2015).

**B**

As an initial matter, we have jurisdiction to review the district court's denial of the requested preliminary injunction. Mr. O'Connor's transfer to WCI did not

render his request for a preliminary injunction moot. Even though he filed his motion while housed at WCI, he sought to enjoin the Secretary of the FDOC, who continues to retain control over him at WCI, and his requests relate to the ongoing issues raised in his complaint. *See Spears*, 846 F.2d at 1328; *Kaimowitz*, 122 F.3d at 43.

On the merits, the district court did not abuse its discretion by denying Mr. O'Connor's motion for a preliminary injunction. Mr. O'Connor's motion was exceedingly broad because it sought to invalidate unidentified policies, implement new policies, provide unidentified accommodations, and require that he be given a non-standard therapeutic diet, several medical procedures, items, medications, and holy day items. *See* 18 U.S.C. § 3626(a)(1)(A); *Thomas*, 614 F.3d at 1318.

Furthermore, Mr. O'Connor failed to demonstrate that he had a substantial likelihood of success on the merits of his claims. First, Mr. O'Connor's conclusory claims of deliberate indifference are unlikely to succeed on the merits because he does not suggest that he has or had a diagnosis requiring the treatments he sought. Decisions by medical personnel to not perform additional diagnostic testing or provide a patient with Mr. O'Connor's requested treatments, such as an alternate diet, involved medical judgment and do not constitute cruel and unusual punishment. *See Gamble*, 429 U.S. at 107; *Mann*, 588 F.3d at 1307. Second, Mr. O'Connor's claims under the ADA and the RA are also unlikely to succeed on the merits. Even

if Mr. O'Connor has a qualifying disability, he has failed to allege facts to establish that he has been denied benefits or participation in services, programs, or activities because of his alleged disability. *See Bircoll*, 480 F.2d at 1083; *Ellis*, 432 F.3d at 1326. Third, Mr. O'Connor's claims under RLUIPA and the First Amendment are unlikely to succeed on the merits because Mr. O'Connor has failed to demonstrate that his request for a diet that includes peanut butter, bread, cereal, milk, whole fruits, and vegetables is based on a sincerely held religious belief and that this particular diet is important to the free exercise of his religion. *See Smith*, 848 F.3d at 979–80. Fourth, Mr. O'Connor is unlikely to succeed on the merits of his cruel and unusual punishment claim because he has not established that FSP or the FDOC failed to serve him a nutritionally adequate diet. *See Hamm*, 774 F.2d at 1575.

Accordingly, the district court did not abuse its discretion by denying Mr. O'Connor's motion for preliminary injunctive relief.

**III**

When an appeal is taken from the denial of a preliminary injunction, we go no further into the merits than necessary to decide the interlocutory appeal. *See Callaway v. Block*, 763 F.2d 1283, 1287 n.6 (11th Cir. 1985). Under 28 U.S.C. § 1292(a)(1), we have jurisdiction to reach the merits of a case, beyond the issue on interlocutory appeal, when "there are no relevant facts at issue and the matters to be decided are closely related to the interlocutory order being appealed." *Id.*

Generally, the interlocutory appeal of a preliminary injunction is limited in scope to the matters directly related to the denial of injunctive relief. *See Kaimowitz*, 122 F.3d at 43. The pendent appellate jurisdiction doctrine allows us to address an order that is not ripe for appeal if it is inextricably intertwined with the appealable decision or if it is necessary to ensure meaningful review. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1335 (11th Cir. 1999).

Here, we lack jurisdiction to review Mr. O'Connor's assertions that the district court failed to acknowledge his breach of contract claims. His breach of contract claims have not resulted in an appealable order, were not mentioned in his notice of appeal, and are unrelated to the present issue on interlocutory appeal, which is the denial of the motion for a preliminary injunction. *See Osterneck*, 825 F.3d at 1528; *Kaimowitz*, 122 F.3d at 43. Accordingly, we dismiss Mr. O'Connor's appeal of his contract claims.

## IV

The district court's order denying Mr. O'Connor's motion for preliminary injunction is affirmed. Mr. O'Connor's appeal related to his contract claims is dismissed.

**AFFIRMED IN PART, DISMISSED IN PART.**

12